UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRITTANY LAW,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DESERT BOILERS & CONTROLS, INC.,<br><br>　　　　　Defendant. | Case No. 2:25-cv-02204-CDS-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Civil Rights Complaint alleging violation of Title VII of the 1964 Civil Rights Act. ECF Nos. 1, 1-1. Plaintiff's IFP application is complete and granted. Plaintiff's Complaint is dismissed without prejudice and with leave to amend.

**I.     Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *id.*).

**II.     Plaintiff's Complaint**

The Court reviewed Plaintiff's Complaint and finds it cannot proceed as pleaded because Plaintiff does not demonstrate exhaustion of administrative remedies. Exhausting administrative

remedies by filing a timely charge with the EEOC or the appropriate state agency is a statutory pre-requisite to pursuit of litigation under Title VII. *Ramirez v. Kingman Hosp. Inc.*, 374 F. Supp. 3d 832, 854 (D. Ariz. 2019) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1947). Title VII's exhaustion requirement limits the federal courts to those claims the EEOC has had an opportunity to examine; that is, those claims the EEOC actually adjudicates and any claims the plaintiff files with the EEOC but the EEOC fails to adjudicate or investigate. *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 644 (9th Cir. 2003). In *Alexander*, 415 U.S. 36, the Supreme Court explained that the plaintiff must also receive a right to sue letter before filing a complaint.

The Complaint at ECF 1-1 reflects neither the filing of a charge of discrimination nor the receipt of a right to sue. Without a demonstration of having exhausted her administrative remedies, Plaintiff has not met the statutory pre-requisite to bring her claims to federal court.

### III.   Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that the Clerk of Court must file Plaintiff's Complaint on the docket.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint, she must do so no later than **December 12, 2025**.

IT IS FURTHER ORDERED that if Plaintiff files an amended complaint it must be titled "AMENDED COMPLAINT." The amended complaint must include all facts that support Plaintiff's claims. Plaintiff must identify the claims she is bringing and the Defendants against whom she brings those claims. Plaintiff must tie the facts alleging wrongdoing to each Defendant she names.

Plaintiff must also plead facts demonstrating she filed a charge of discrimination alleging discrimination on the basis she states in her amended complaint and that she received a right to sue letter from the EEOC or the Nevada agency that investigates discrimination in the workplace—the Nevada Equal Rights Commission. Plaintiff must demonstrate she filed her original Complaint no

later than 90 days after she received the right to sue letter. If Plaintiff has not filed a charge of discrimination and received a right to sue letter, she cannot proceed before the Court.

IT IS FURTHER ORDERED that Plaintiff's failure to timely file an amended complaint and establish she can proceed before the federal court will result in a recommendation that this matter be dismissed.

Dated this 13th day of November, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3