UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BRITTANY LAW,

        Plaintiff,

    v.

DESERT BOILERS & CONTROLS, INC.,

        Defendant.

Case No. 2:25-cv-02204-CDS-EJY

**ORDER**

Pending before the Court is Plaintiff's First Amended Complaint ("FAC").  ECF No. 10. Plaintiff's Application to Proceed *in forma pauperis* was granted on November 13, 2025.  ECF No. 3.  Plaintiff's FAC is screened under the same standard applied to her original Complaint.

**I.    Plaintiff's FAC**

Attached to Plaintiff's FAC are her Charge of Discrimination, alleging race discrimination and retaliation under Title VII of the 1964 Civil Rights Act, and the Right to Sue letter issued on August 18, 2025.  ECF No. 10 at 17-20.  Plaintiff's original Complaint was filed on November 7, 2025, less than 90 days after the August Right to Sue was issued.  Thus, the Complaint was timely.

Plaintiff's FAC states she was Desert Boilers & Controls Inc.'s ("Defendant" or the "Company") only black employee.  *Id*. at 3.  Plaintiff demonstrates that on August 7, 2025, she emailed the Company's General Manager (Jason Hansen) complaining about race discrimination experienced on a daily basis (*id*. at 14), which was followed by a meeting summarized in a subsequent email.  *Id*. at 2, 15-16.  Plaintiff alleges facts pertaining to supposed discrimination, hostile work environment, and retaliation.  In sum, Plaintiff submits the Company's non-black employees deleted, altered, or interfered with her work, and her December 16, 2025 termination by Mr. Hansen was prompted by his belief that Plaintiff was unhappy as demonstrated by allegations in her Charge of Discrimination and this lawsuit.  *Id*. at 4-5.

To sufficiently allege a *prima facie* case of discrimination in violation of Title VII, Plaintiff must allege: (a) she belongs to a protected class; (b) she was qualified for the job for which she was

1

hired; (c) she was subjected to an adverse employment action; and (d) similarly situated employees not in her protected class received more favorable treatment. *Shepard v. Marathon Staffing, Inc.*, 2014 U.S. Dist. Lexis 76097, at *5 (D. Nev. June 2, 2014) (citing *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006)). To state a claim of race-based harassment, Plaintiff must allege: (1) conduct of a racial nature; (2) that is so severe or pervasive as to alter the terms and conditions of her working environment; and (3) that the conduct was unwelcome. 42 U.S.C.A. § 2000e–2(a)(1). Finally, a *prima facie* case of retaliation requires Plaintiff to plead (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between her protected activity and the adverse employment action. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000).

In screening Plaintiff's FAC and construing it liberally, the Court looks in part to the attachments provided. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (courts may generally consider allegations contained in pleadings, as well as exhibits attached to the complaint). The Court finds Plaintiff's allegations, albeit somewhat slim with respect to tying Plaintiff's race to the conduct identified, are sufficient to state *prima facie* claims of race discrimination, harassment, and retaliation. Thus, Plaintiff's FAC may proceed against Defendant.

**II.    Order**

IT IS HEREBY ORDERED that Plaintiff's First Amended Complaint (ECF No. 10) may proceed against Desert Boilers & Controls Inc.

IT IS FURTHER ORDERED that the Clerk of Court **must** send Plaintiff **one** USM-285 form, which Plaintiff **must** complete to the best of her ability and return to the U.S. Marshal Service no later than **April 6, 2026**, at the following address:

> Gary G. Schofield
> U.S. Marshal, District of Nevada
> Lloyd D. George Federal Courthouse
> 333 Las Vegas Blvd. S., Suite 2058
> Las Vegas, Nevada 89101

Plaintiff is advised to review the Nevada Secretary of State Business Entity Search website for the identity and address for Desert Boilers & Controls Inc's registered agent upon whom service of her First Amended Complaint should be made.

IT IS FURTHER ORDERED that the Clerk of Court must issue a summons for Desert Boilers & Controls Inc. and deliver the summons, together with one copy of Plaintiff's First Amended Complaint and one copy of this Order to the U.S. Marshal Service for service on Defendant.

IT IS FURTHER ORDERED that the U.S. Marshal Service **must** attempt service no later than twenty-one (21) days after receipt of the USM-285 from Plaintiff and documents from the Clerk of Court.

IT IS FURTHER ORDERED that Plaintiff's failure to timely comply with the terms of this Order may result is a recommendation to dismiss this matter in its entirety.

Dated this 14th day of March, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3